# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR7 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| GUILLERMO OLMEDO-MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 34) filed by the Defendant, Guillermo Olmedo-Mendoza. Olmedo-Mendoza supported his motion with a brief (Filing No. 35). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Olmedo-Mendoza pleaded guilty to Count I of the Indictment charging him with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). His plea agreement, reached under Federal Rule of Criminal Procedure 11(c)(1)(B), included in pertinent part: the government's agreement to move for a 2-level downward departure, assuming the specified conditions would be met; and a waiver of Olmedo-Mendoza's right to appeal from his conviction and sentence.

Olmedo-Mendoza stated the following under oath in his Petition to Enter a Plea of Guilty: he was satisfied with the representation of his attorney, James M. Davis; the judge could impose the same sentence as if he had pleaded not guilty and been convicted after a trial; the sentence he would receive was solely a matter for the judge to decide; the maximum term of imprisonment was 20 years; absent an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) there was no guarantee he would be within any particular sentencing guideline range; no promises had been made other than those in the plea agreement that caused Olmedo-Mendoza to plead guilty; and no officer, attorney, or agent had predicted Olmedo-Mendoza would receive a lighter sentence in exchange for his guilty plea.

After the Court granted the government's motion for a 2-level downward departure, Olmedo-Mendoza had a total offense level of 19, was placed in Criminal History Category IV, and he was within a sentencing guideline range of 46-57 months. Davis argued that placement in Criminal History Category IV overrepresented Olmedo-Mendoza's criminal history. The objections were denied, and the Court sentenced Olmedo-Mendoza to 57 months imprisonment and 3 years supervised release. Olmedo-Mendoza timely filed his § 2255 motion.

## DISCUSSION

Olmedo-Mendoza argues that his attorney was ineffective for: failing to hold the government to an alleged promise of a 27-month term of imprisonment in exchange for his appeal waiver, and failing to inform the Court of the same; and failing to object to his base offense level. In order to establish ineffective assistance of counsel, Olmedo-Mendoza must satisfy both prongs of the test articulated by the United States Supreme Court in

*Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

**27-month Sentence**

The record does not support the claim that the parties had an agreement for a 27-month sentence. The record shows that the nonbinding plea agreement was reached under Rule 11(c)(1)(B), and Olmedo-Mendoza answered the questions in the plea petition accordingly. The record shows that Olmedo-Mendoza understood he faced a maximum of 20 years imprisonment and that he had no guarantee with respect to his sentence.

**Objections to PSR**

Olmedo-Mendoza states that Davis was ineffective for failing to object to his base offense level. However, Olmedo-Mendoza provides no specifics with respect to why his base offense level was incorrectly calculated.

## CONCLUSION

For the reasons discussed, Olmedo-Mendoza cannot prove either prong of the *Strickland* test.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 34);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 6th day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge